IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DENNIS EUGENE KIMBALL <br><br> Defendant. | Case No. 4:21-cr-146 <br><br> **UNRESISTED MOTION TO WITHDRAW PLEA OF GUILTY** |

Defendant Dennis Eugene Kimball, through counsel, moves to withdraw his guilty plea to count one of the indictment. In support of this motion, counsel states as follows:

1. On July 1, 2022, Mr. Kimball pled guilty, pursuant to a plea agreement, to count one of the indictment—attempted sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). The government agreed to dismiss counts two through five at sentencing. ECF No. 41 at 1–2. The plea agreement contemplated that Mr. Kimball would be subject to a fifteen-year mandatory minimum term of imprisonment, and a thirty-year statutory maximum. ECF No. 41 at 2. The parties also agreed, under Fed. R. Crim. P. 11(c)(1)(B), that the Court should impose a sentence of not less than 240 months' imprisonment. ECF No. 41 at 9. The government also agreed to withhold filing a penalty enhancement under 18 U.S.C. §§ 2251(e) based on Mr. Kimball's 1994 conviction in Polk County District Court for assault with intent to commit sexual abuse. ECF No. 41 at 2.

2. Notwithstanding the parties' agreement, the draft presentence investigation report concluded Mr. Kimball's prior conviction qualifies as a predicate offense subjecting him to enhanced penalties under 18 U.S.C. § 2251(e). ECF No. 45. Following the filing of the draft PSR, the parties consulted and agree with the Probation Office's conclusion that if Mr. Kimball's

1

prior conviction qualifies as a predicate offense under 18 U.S.C. § 2251(e), such an enhancement would subject him to a twenty-five-year mandatory minimum term of imprisonment and a fifty-year statutory maximum.  The parties cannot negotiate away the applicability of the enhanced penalty under 18 U.S.C. § 2251(e).  Consequently, assuming Mr. Kimball's prior offense qualifies as a predicate under 18 U.S.C. § 2251(e), the parties' plea agreement and sentencing recommendation is illegal.

3. In light of the above, the parties have renegotiated a plea agreement to count two of the indictment (enticement and attempted enticement of a minor to engage in illicit sexual activities, in violation of 18 U.S.C. § 2422(b) and 2).  Should the Court permit Mr. Kimball to withdraw his plea to count one, Mr. Kimball is prepared to enter to a guilty plea to count two of the indictment pursuant to the revised plea agreement.

4. The foregoing circumstances amount to a "fair and just reason" to permit Mr. Kimball to withdraw his plea to count one of the indictment and enter a plea of guilty to count two of the indictment under a revised plea agreement.  *See* Fed. R. Crim. P. 32(d)(2)(B).

5. The government agrees that Mr. Kimball should be permitted to withdraw his plea under the circumstances and agrees to this procedure.

WHEREFORE, Defendant Dennis Eugene Kimball moves to withdraw his guilty plea to count one of the indictment.

Respectfully submitted,

_/s/ Mackenzi J. Nash_
Mackenzi J. Nash, Asst. Federal Defender
FEDERAL PUBLIC DEFENDER'S OFFICE
400 Locust Street, Suite 340
Des Moines, Iowa 50309-2353
PHONE: (515) 309-9610
FAX: (515) 309-9625
E-MAIL: mackenzi_nash@fd.org
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2022, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

_/s/ Mindy Guynn_