IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>vs.<br>DENNIS EUGENE KIMBALL,<br>    Defendant. | No. 4:21-cr-00146–JEG<br><br>O R D E R |

    Before the Court is an unresisted motion by Defendant Dennis Eugene Kimball to withdraw his guilty plea, ECF No. 52.  The Government's position is incorporated in Defendant's motion.  The matter is ready for ruling.

    On November 17, 2021, the Grand Jury issued a five-count indictment, charging Defendant with sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e) (Count One); enticement and attempted enticement of a minor to engage in illicit sexual activities, in violation of 18 U.S.C. §§ 2422(b) and 2 (Count Two); transfer and attempted transfer of obscene material to a minor, in violation of 18 U.S.C. §§ 1470 and 2 (Count Three); use and attempted use of interstate facilities to transmit information about a minor, in violation of 18 U.S.C. §§ 2425 and 2 (Count Four); and commission of a felony offense involving a minor by a registered sex offender, in violation of 18 U.S.C. § 2260A (Count Five).

    Defendant and the Government entered into a plea agreement that provided in exchange for Defendant's guilty plea to Count One, the Government would dismiss Counts Two through Five at sentencing.  The plea agreement advised Defendant that Count One carried a mandatory minimum term of imprisonment of at least fifteen years and a maximum term of thirty years. The Government agreed to withhold filing a notice of enhancement under 18 U.S.C. § 2251(e) for one or more prior convictions relating to sexual abuse for his 1994 Iowa state conviction. The Government further agreed to recommend a three-level reduction to his U.S. Sentencing Guidelines (U.S.S.G.) calculation for acceptance of responsibility.  Based on these concessions,

the parties agreed to recommend the Court impose a sentence of not less than 20 years (240 months) and that a lower term of imprisonment would not be sought at sentencing.

On July 1, 2022, Defendant pleaded guilty to Count One—sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e). A presentence investigation report (PSIR) was ordered, ECF No. 43. Sentencing was set for November 1, 2022.

The USPO filed a draft of the PSIR on August 30, 2022. On October 11, 2022, Defendant filed his objection to various paragraphs of the PSIR, including paragraphs 144 to 146, which found Defendant's 1994 prior conviction triggers the enhancement penalties under § 2251(e) despite the Government's agreement to withhold the filing a notice of enhancement. See PSIR ¶¶ 144–46 & n.5, ECF No. 45. The PSIR indicated with the application of the enhancement under § 2251(e), the statutory mandatory minimum term of imprisonment is 25 years, which is greater than the parties' agreed upon recommended sentence of 20 years (240 months).

Defendant filed the present motion, noting that the parties conferred and agree with the USPO's conclusion that the enhancement applies and that the parties cannot negotiate away its applicability. The parties also agree that due to this conclusion, Defendant's plea agreement and sentencing recommendation are illegal. The parties advise the Court that in light of these circumstances, they have renegotiated a plea agreement under the terms of which Defendant would plead guilty to Count Two—enticement and attempted enticement of a minor to engage in illicit sexual activities, in violation of 18 U.S.C. §§ 2422(b) and 2. The agreement is contingent upon the Court permitting Defendant to withdraw his plea to Count One.

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." "The defendant bears the burden to establish fair and just grounds for withdrawal. [A] defendant seeking to withdraw a plea before sentencing is given a more liberal consideration than someone seeking to withdraw a plea after sentencing . . . ." United States v. Eller, 955 F.3d 730, 733 (8th Cir. 2020)

(alterations in original) (citations and quotations omitted). "Even if such a fair and just reason exists, before granting the motion a court must consider 'whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.'" United States v. Seys, 27 F.4th 606, 610 (8th Cir. 2022) (quoting United States v. Ramirez-Hernandez, 449 F.3d 824, 826 (8th Cir. 2006)).

The Court finds that under the circumstances as discussed above, Defendant has met his burden of showing a fair and just reason exists to withdraw his plea. Defendant entered into an agreement with the Government to plead to Count One based on concessions the Government did not have the authority to make and could not fulfill. Consequently, Defendant's plea was not knowing. Regarding the one factor the Court is to consider before granting a motion to withdraw a plea—whether Defendant asserts his innocence—does not apply in the present case. Here, Defendant intends to plead to Count Two of the indictment, which is based on the same criminal conduct as Count One. The time between his guilty plea and the motion to withdraw is similarly not applicable in this case. The time frame that is applicable is the time between the release of the draft PSIR and Defendant's response to the application of the enhanced penalties. Defendant was granted two extensions of time to file his objections to the draft PSIR. On October 11, 2022, Defendant filed his objections and notified the Court of the enhancement issue. ECF No. 51. By that time, Defendant had been in negotiations with the Government to resolve the problem. The Court cannot find the delay was unreasonable. The final factor to consider is whether the Government will be prejudiced. The parties have worked together and have reached a resolution that Defendant withdraw his plea to Count One and enter a plea to Count Two. Accordingly, the Government will not be prejudiced by Defendant withdrawing his plea to Count One.

The Court finds Defendant has met his burden of showing a fair and just reason to withdraw his plea to Count One with the understanding he will enter a plea to Count Two. For the reasons provided, Defendant's motion to withdraw his guilty plea to Count One, ECF No. 52,

must be **granted**. The parties are directed to contact the Court to set a change of plea hearing to Count Two.

    **IT IS SO ORDERED.**

Dated this 14th day of October, 2022.

                                                                                JAMES E. GRITZNER, Senior Judge
                                                                                U.S. DISTRICT COURT