IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DENNIS EUGENE KIMBALL,<br><br>Defendant. | Criminal No. 4:21-CR-146<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

**TABLE OF CONTENTS**

I.   Introduction ........................................................................................... 1

II.  Paragraphs 16, Footnote 3, and Paragraph 27 ................................. 2

II.  Sentence of 240 Months' Imprisonment is Sufficient But Not Greater than Necessary ............................................................................. 3

IV.  Conclusion ............................................................................................ 6

## I.   Introduction

By an indictment returned on November 17, 2021, Dennis Eugene Kimball was charged with Count 1, attempted sexual exploitation of a minor; Count 2, enticement and attempted enticement of a minor to engage in illicit sexual activities; Count 3, transfer and attempted transfer of obscene material to a minor; Count 4, use and attempted use of interstate facilities to transmit information about a minor; and Count 5, commission of a felony offense involving a minor by a registered sex offender. (Dkt. 19.)

Pursuant to a plea agreement, Defendant pleaded guilty to Count 2, enticement and attempted enticement of a minor to engage in illicit sexual activities,

1

in October 2022. (Dkt. 60.) Pursuant to Rule 11(c)(1)(B), the parties agreed that the Court should impose a sentence of not less than 240 months' imprisonment and agreed not to advocate for a sentence lower than 240 months at sentencing. (Dkt. 60 at para. 16.) The government agrees to dismiss Counts 1, 3, 4, and 5, and the parties agree that all relevant conduct for those charges will be considered by the Court at the time of sentencing. (*Id.* at para. 2.) There is no forfeiture or restitution. The government is not seeking imposition of a fine.

Issues to be resolved at sentencing are: (1) whether to overrule Defendant's objections to paragraphs 16, footnote 3, and paragraph 27 of the presentence report (PSR); (2) determination of a sentence that is sufficient but not greater than necessary; and (3) whether to impose the special condition of supervised release recommended in paragraph 163.

## II. Paragraphs 16, Footnote 3, and Paragraph 27

**Paragraph 16, Footnote 3**. The government has no objections to Defendant's proposed edits as set forth on page 3 of the sentencing memorandum. (Dkt. 63 at 3.)

**Paragraph 27.** The government suggests that the Court amend the paragraph by including this sentence at the end of the paragraph. "Defendant asserts that he responded in the manner described because he believed that the person he was chatting with was a scammer." The reason that the paragraph should not be stricken is that Special Agent Chris Thomas identified such behavior as consistent with grooming behavior.

### III. Sentence of 240 Months' Imprisonment is Sufficient But Not Greater than Necessary

The advisory guideline calculation, which is not contested, is set forth below:

| Base offense level | 32 | U.S.S.G. §2G2.1(a) |
|---|---|---|
| Victim age between 12 and 16 | +2 | U.S.S.G. §2G2.1(b)(1)(B) |
| Use of computer | +2 | U.S.S.G. §2G2.1(b)(6)(B)(i) |
| Acceptance of responsibility | -3 | U.S.S.G. §3(e)1.1 |
| Total offense level | 33 | |

The statutory penalties for a violation of 18 U.S.C. Section 2422(b) and 2 are 10 years to life imprisonment; a term of supervised release of at least five years, and a $100 special assessment.

As noted by the Defendant, he was initially facing 35-years-worth of mandatory minimums on the charges in this case. That is because he was subject to an enhanced 25-year mandatory minimum for the attempted production of child pornography charge (Count 1), as well as a mandatory consecutive sentence of ten years on Count 5, commission of a felony offense involving a minor by a registered sex offender. The plea agreement reached by the parties allowed him to avoid the 35-year mandatory minimum.

With a total offense level of 35, and a criminal history category III, the advisory guideline range is 168 to 210. Consistent with the Rule 11(c)(1)(B) plea agreement and the parties' joint recommendation, the government respectfully requests that this

Court impose a 240 months' imprisonment. Such a sentence is sufficient but not greater than necessary for the reasons set forth below.

The nature and circumstances of this offense are very serious. By his conduct, Defendant establishes he is a danger to the community. As set forth in detail in the PSR and in the plea agreement, the Defendant found on the internet a person he believed was 15 years old. (PSR paras. 14-18; 36.) He was fully aware that it was illegal for him to engage in sex acts with a 15-year-old, and coached her on how to disguise her age, giving her a new birthday. (*Id.* at para. 18; 36.) He then repeatedly and frequently tried to arrange for the two of them to meet so he could engage in criminal sexual activity with the child. (*Id.* at paras. 21-24.) Defendant graphically describes the criminal sexual activity he wishes to engage in with the child, to include impregnating her. (*Id.*) Additionally, Defendant repeatedly directs the child to produce child pornography and send it to him, and specifies multiple different poses. (*Id.* at paras. 28-30.) Defendant sends to the child photos and videos of his penis and of him masturbating. (*Id.* at paras. 31-33; 36.) In a post-*Miranda* interview, Defendant admitted that he planned to have sex with the 15-year-old. The facts of this offense are aggravating. A sentence of 240 months' imprisonment is necessary.

The Defendant's history and characteristics, as well as the need to protect the public from further crimes by this Defendant, require a sentence of 240 months' imprisonment. Defendant's criminal history is extremely concerning, as he has multiple convictions for burglary, robbery, escape, and theft. (*Id.* at paras. 54-55, 61-62.) In 2007, Defendant was convicted of attempted bank robbery in this Court and

Case 4:21-cr-00146-JEG-HCA Document 64 Filed 11/18/22 Page 5 of 6

sentenced to 145 months' imprisonment. (*Id.* at para. 68.) The conviction that causes the government the most concern is that, in 1994, Defendant was convicted in Polk County for assault with intent to commit sexual abuse and kidnapping. (*Id.* at para. 67.) Defendant attacked a jogger and beat her in the face with a tire iron in an attempt to sexually assault her. (*Id.*) The very short amount of time Defendant had been released into the community before committing the instant offense also demonstrates he is a danger to the community. Defendant began communicating with the person he believed to be was 15 years old the same day that he was released from Fort Des Moines. (*Id.* at para. 14.)

Lastly, the requirement that Defendant submit to periodic polygraph testing, as directed by the United States Probation Office, to ensure compliance with supervision and/or treatment clearly satisfies the requirements set forth in U.S.S.G. §5D1.3(b). Based on the facts of this offense as well as Defendant's history, the condition is necessary to protect the public from further crimes by Defendant.

## IV. <u>Conclusion</u>

For the reasons set forth in this memorandum, the government respectfully requests this Court impose a sentence of 240 months' imprisonment.

          Respectfully submitted,

          Richard D. Westphal
          United States Attorney

By: */s/Amy Jennings*
     Amy Jennings

     Assistant United States Attorney
     U. S. Courthouse Annex, Suite 286
     110 East Court Avenue
     Des Moines, Iowa  50309
     Tel:  (515) 473-9300
     Fax:  (515) 473-9292
     Email:  amy.jennings2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2022, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.  I hereby certify that a copy of this document was served on the parties or attorneys of record by:

     U.S. Mail      Fax      Hand Delivery

 X   ECF/Electronic filing     X  Other means (email)

UNITED STATES ATTORNEY

By: s/  *Amy L. Jennings*
     AUSA